UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER M. OWENS, individually and as the Executor of the Estate of CORY L. OWENS, deceased; JENNIFER M. OWENS, Guardian Ad Litem for STARLYN M. SCHWARTZ-OWENS, a minor and BRUCE L. OWENS, a minor,<br><br>        Plaintiffs,<br><br>vs.<br><br>NYE COUNTY, a political subdivision of the State of Nevada; TOWN OF PAHRUMP, an unincorporated political subdivision of the State of Nevada; NYE COUNTY SHERIFF'S DEPARTMENT, a governmental entity of the State of Nevada; DOE NYE COUNTY DEPUTY SHERIFFS; NYE COUNTY JAIL, a governmental entity of the State of Nevada; and DOES 1 though 100, inclusive,<br><br>        Defendants. | 2:07-cv-00582-RCJ-GWF<br><br>**ORDER** |

On June 18, 2009, Magistrate Judge George Foley, Jr. ("the Magistrate Judge") issued a Report and Recommendation ("R&R") that Plaintiff Jennifer M. Owens's complaint should be dismissed. (#37). Now before the Court are Owens's objections to the R&R. (#38). IT IS HEREBY ORDERED that the R&R is AFFIRMED and ADOPTED.

**BACKGROUND**

In August 2004, Owens's husband, Cory L. Owens, died while in the custody of the Nye County Sheriff's Department. In August 2006, Owens filed a wrongful death lawsuit against Nye

1  County, Town of Pahrump, and Nye County Sheriff's Department (collectively, "the County
2  Defendants"). According to her complaint, employees of the Sheriff's Department delivered a fatal
3  blow to Cory Owens's head while he was in their custody.

4      On May 3, 2007, the County Defendants removed this action to federal court under federal
5  question jurisdiction. Since she filed her complaint, Owens has been represented by a half-dozen
6  attorneys. (#38). Most recently, her attorney, James J. Butman, moved to withdraw as counsel.
7  (#28). On September 26, 2008, the Magistrate Judge granted Mr. Butman's motion to withdraw.
8  (#29). The Magistrate Judge also ordered Owens to advise the Court whether Owens intended to
9  retain new counsel or proceed in proper person. The Magistrate Judge gave Owens a deadline of
10 October 24, 2008, to advise the Court accordingly.

11     On February 11, 2009, after the parties failed to file a joint pretrial order as required under
12 LR 26-1(e)(5), the Magistrate Judge ordered the parties to file a joint pretrial order by February 20,
13 2009. (#30). The County Defendants were unable to obtain Owens's cooperation, and so they
14 requested a status conference.

15     On March 2, 2009, the Magistrate Judge conducted a status conference. Owens did not
16 appear at the status conference. As a result, the Magistrate Judge issued a show-cause order
17 directing Owens to show cause why her complaint should not be dismissed for failure to respond
18 to the County Defendants in preparing a joint pretrial order and for her failure to attend the status
19 conference. (#35). The show-cause order gave Owens a deadline of March 17, 2009.

20     Owens failed to comply with the order to show cause. Three months later, after Owens had
21 failed to submit any documents or notices with the Court, the Magistrate Judge prepared the R&R,
22 in which he recommended dismissal of Owens's complaint. (#37). On July 2, 2009, Owens
23 submitted a letter to the Magistrate Judge. (#38). In her letter, she objects to the R&R and
24 represents that she is "not dropping this matter." (#38).

25

## LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to the magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R & R] to which objection is made."). Thus, if there is no objection to a magistrate judge's recommendation, then this Court may accept the recommendation without review.

## DISCUSSION

After considering the record, the Magistrate Judge's R&R, and the parties' objections and responses to the R&R, this Court holds that dismissal is proper in this case. Although Owens filed something in response to the R&R, it does not constitute "objections" as contemplated by 28 U.S.C. § 636(b)(1). Owens's letter merely names the six attorneys she has previously hired to represent her in this matter and states that she is looking once more for legal counsel. These representations do not qualify as "objections" to the R&R. The Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Moreover, Owens has enjoyed ample time to litigate her case. Despite having a half-dozen attorneys represent her in this matter, she has made no substantive progress on any of her claims.

For these reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's R&R.

# CONCLUSION

IT IS HEREBY ORDERED that Magistrate Judge George Foley, Jr.'s Report and Recommendation (#37) is AFFIRMED and ADOPTED. IT IS FURTHER ORDERED that Plaintiff Jennifer M. Owens's complaint is DISMISSED.

DATED:   August 18, 2009

_____
Robert C. Jones
United States District Judge